Peter J. BRENNAN, Secretary of Labor, Successor to James D. Hodgson, United States Department of Labor, Plaintiff,

v.

AUTOMATIC TOLL SYSTEMS, INC. and Herman Lopata, Defendants.

No. 70 Civ. 3783.

United States District Court,
S. D. New York.

June 19, 1973.

William J. Kilberg, Solicitor of Labor and Francis V. La Ruffa, Regional Solicitor, U. S. Dept. of Labor, for plaintiff; by David Reines, New York City, of counsel.

Shea, Gould, Climenko & Kramer, New York City, for defendants; by Peter P. Smith, III, New York City, of counsel.

## OPINION AND ORDER

DUFFY, District Judge.

A trial in the Federal Courts is not a sporting event but is a search for justice. We do not need either on the civil or criminal side in the Federal Courts the element of surprise. Indeed, the whole rationale of the discovery sections of the Federal Rules of Civil Procedure is a "liberal discovery policy of encouraging full disclosure to prevent surprise and as an 'effective means of detecting and exposing false, fraudulent and sham claims and defenses'." Lowe's of Roanoke, Inc. v. Jefferson Standard Life Insurance Co., 219 F.Supp. 181, 188 (S.D. N.Y.1963). See also 4 Moore, Federal Practice, § 26.02 (4th Ed. 1972) and the cases cited therein.

It is unfortunate that the government has attempted to thwart this philosophy here. It is apparent that the defendants cannot properly defend against the government's complaints unless they are made aware of the basis of these complaints.

The government claims that certain employees of the defendant corporation were not properly paid overtime under the Fair Labor Standards Act. In the course of developing its case, the government went through the records maintained by the defendants and interviewed certain of the defendants' employees. The defendants now seek answers to the following interrogatories:

"*Interrogatory No. 3*: With respect to any employees of the defendants specified in "Interrogatory No. 1", has plaintiff or any of its servants, agents or representatives interviewed said employees with respect to the subject matter of this action?"

"*Interrogatory No. 4*: If the Answer to "Interrogatory No. 3" is in the affirmative, specify the employees of defendants and the representative or agent of plaintiff involved, the time, place and substance thereof and attach any statements, reports, notes or memoranda relating thereto."

■ The defendant corporation argues that complete answers to the interrogatories are necessary since its own records show that all employees have been properly paid. The government has supplied a list of the employees supposedly underpaid and the alleged amounts of underpayment. But the government has not given the defendant the how, when, where and why of the supposed underpayments.

The government refused to turn over to defendants or even to identify the names of those employees who were interviewed and complained of the alleged underpayments. As justification the government has asserted an "executive privilege" and an "informant's privilege".

Limitations on defendant's discovery of plaintiff's case may have had some validity in the past, but the law now seeks to assure the individual defendants that a trial in the Federal courts is a search for justice. How can the defendants defend if they do not know what to defend against?

■■ The government's claim of "informant's privilege" in a civil case is without substantial basis in modern jurisprudence. The government's claim of executive privilege has some substance. But the executive privilege is not to be used as a device whereby the government can "have its cake and eat it too".

If the government refuses to answer the defendants' interrogatories set out above, within 30 days hereof, the complaint will be dismissed. Wirtz v. Rosenthal, 388 F.2d 290 (9th Cir. 1968).

So ordered.